United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41011
Conference Calendar

_____

CESAR ORTIZ-CANALES,

Petitioner-Appellant,

versus

CONSTANCE REESE, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-245
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cesar Ortiz-Canales (Ortiz), federal prisoner # 85018-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he challenged his conviction and sentence for illegal reentry after deportation. Ortiz argues that his indictment was defective because it failed to specify the subsection of 8 U.S.C. § 1326 he violated and failed to allege that he was previously convicted of an aggravated felony. Ortiz also argues that the district court accepted his guilty plea

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without a sufficient factual basis and erroneously enhanced his sentence.

Ortiz has not shown that his claims meet the requirements of § 2255's "savings clause." He has not shown that any of his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and that was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *See* Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Therefore, the district court's dismissal of Ortiz's § 2241 petition is AFFIRMED.